# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO.: 17-03725 (EAG) |
| ELIZABETH VEGA RAMOS and MARTIN RODRÍGUEZ COLÓN | CHAPTER 11 |
| Debtors | |

## JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT AND REQUEST TO SHORTEN OBJECTION PERIOD

**TO THE HONORABLE EDWARD A. GODOY,**
**U.S. BANKRUPTCY JUDGE:**

**COME NOW** Elizabeth Vega Ramos ("Vega") and Martin Rodríguez Colón ("Rodriguez") (jointly the "Debtors") and creditors MMM HEALTHCARE, LLC ("MMM") and PMC MEDICARE CHOICE, LLC ("PMC", and collectively with MMM "Claimants"), through their undersigned counsel, and respectfully submit this motion (the "Motion"), pursuant to sections 105, 362, and 502 of the Bankruptcy Code (the "Code"), Rules of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 9019, seeking entry of an order authorizing and approving the settlement and release agreement (the "Settlement Agreement")[1] between the Claimants and the Debtors and to shorten the time period to file objections to this Motion (Debtors and Claimants, collectively, the "Parties").

### Preliminary Statement

Prior to and after the filing of this bankruptcy case, the Debtors have engaged in substantial negotiations with Claimants aimed at resolving all pending controversies with them. Specifically, the Debtors reached a Settlement Agreement with Claimants pursuant to which the Debtors will agree (i) to dismiss the claims against each other in the State Court Action; (ii) treat Claimant's proof of claim no. 9 filed on November 6, 2017 for $550,952.26 as an allowed general

---

[1] The complete terms of the stipulation are included in a confidential settlement and conditional agreement. In view that they relate to a case involving medical claims and there is an ongoing litigation against other defendants, it is respectfully requested that it remain confidential, although the parties will be willing to submit them under seal.

unsecured claim in the instant bankruptcy case entitled to receive distribution in an amount not less than five percent (5%) of the total claim, that is, in the amount of $27,547.61 through the chapter 11 plan to be filed in this case or in any future bankruptcy proceeding; (iii) agree that the automatic stay be lifted to permit Claimants to maintain the pending State Court action against the other co-defendants, namely, Dr. Katherine Pérez Burgos, Dr. Livino A. Lora Cruz and Transnerve; and (iv) agree that the automatic stay be lifted so that co-debtor Elizabeth Vega Ramos may be called to testify at a deposition, trial and/or any other hearing as a witness in the State Court Action.

### Background

1. On March 11, 2011, MMM and PMC filed a complaint for breach of contract, collection of monies, torts, and unjust enrichment against the Vega, the society of legal earnings ("sociedad legal de gananciales") constituted between Vega and her husband, Rodriguez, Vega's corporation, Transnerve Medical Services, Corp., among others, in the case captioned *MMM Healthcare, Inc. and PMC Medicare Choice, Inc. v. Transnerve Medical Services, Corp., et als.*, Civil Case Number FBCI 2011-00746 (the "State Court Action"), currently pending before the Puerto Rico Court of First Instance, Rio Grande Superior Court.

2. On October 28, 2013, MMM and PMC amended the complaint alleging that they contracted with Transnerve to offer Covered Services to insured patients, but Transnerve invoiced MMM and PMC for non-medically necessary and thus uncovered services, which were carried out by medical professionals who did not have the expertise or accreditations required by law to conduct said services. In the Amended Complaint, MMM and PMC also allege that (i) said medical professionals received compensation from Transnerve in exchange for issuing the medical orders; (ii) that the services invoiced were fraudulent and not performed by the medical professionals invoiced; and (iii) and that Vega failed to maintain Transnerve's finances separate from her own. As a result, MMM and PMC claimed the amount of $550,752, plus interest, costs, and attorneys' fees. A copy of the Amended Complaint is attached hereto as **Exhibit 1.**

3. Defendants denied Claimants' allegations, and in response, Vega and the other codefendants filed counterclaims against MMM and PMC on or about June 22, 2011. A copy of the answer to the amended complaint and counterclaim filed by Vega is attached hereto as **Exhibit 2.**

4. Due to the highly contested nature of discovery and other complexities of the State Court Action, the case had a protracted discovery process, but is now ready for a pretrial conference which, as of yet, has not been scheduled, due to the stay triggered by Vega's bankruptcy filing.

5. On May 27, 2017, Vega and Rodriguez filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code and thus, the protections of Section 362 attached.

6. On November 6, 2017, MMM and PMC filed a contingent proof of claim in the amount of $550,952.26 (the "Claim"). *See*, Proof of Claim No. 9.

7. The Parties have engaged in a series of negotiations in an effort to resolve their differences and find a cost-efficient solution to the mutual claims they have asserted against each other in the State Court Action. As a direct result of said negotiations, the Parties have been able to reach a confidential settlement (the "<u>Agreement</u>") that resolves the claims they have asserted against each other in the State Court Action.

8. Given the confidential nature of the Settlement Agreement, the Parties request that if the court deems that filing is required, it be done under seal as agreed by the Parties.

9. In summary, the Settlement Agreement provides that the Parties request the Court to enter an Order dismissing the claim each party has alleged against each other, with the exception of the payment set forth in page 1 – 2 hereinabove, the stay be lifted so that the State Court Action may continue against the other co-defendants, namely Dr. Katherine Pérez Burgos, Dr. Livino A. Lora Cruz and Transnerve, and to permit Claimants to maintain the pending State Court action against the other co-defendants, namely, Dr. Katherine Pérez Burgos, Dr. Livino A.

Lora Cruz and Transnerve, so that Debtors may be called to testify at a deposition, trial and/or any other hearing as a witness in the State Court Action.

### Relief Requested and Basis Therefor

A. **Approval of the Settlement Agreement**

10. Rule 9019(a) of the Federal Rules of Bankruptcy Procedure states:

> On motion by the trustee[2] and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

Fed. R. Bankr. P. 9019.

11. In determining whether to approve a settlement under Rule 9019, the bankruptcy courts in the First Circuit consider the following factors:

> a. the probability of success in the litigation being compromised; (ii) the difficulties, if any, to be encountered in the matter of collection; (iii) the complexity of the litigation involved, and the expense, inconvenience and delay attending it; and, (iv) the paramount interest of the creditors and a proper deference to their reasonable views in the premise.

Costa v. Robotic Vision Sys. (In re Robotic Vision Sys.), 2006 Bankr. LEXIS 531, 11 12, 2006 WL 929322 (B.A.P. 1st Cir. 2006). See, Jeremiah v. Richardson, 148 F.3d 17, 23 (1st Cir. 1998) (quoting Jeffrey v. Desmond, 70 F.3d 183, 185 (1st Cir. 1995)); In re Isaacson Steel, Inc., 2013 Bankr. LEXIS 4012, 10, 2013 WL 5428725 (Bankr. D.N.H. 2013).

12. "The court's consideration of these factors should demonstrate whether the compromise is fair and equitable, and whether the claim the debtor is giving up is outweighed by the advantage to the debtor's estate." Costa v. Notinger (Robotic Vision Sys.), 2007 Bankr. LEXIS 3693, 10-11 (B.A.P. 1st Cir. 2007). Stated in another way, the bankruptcy court must "assess and balance the value of the claims being compromised against

---

[2] According to section 1107(a) of the Bankruptcy Code, the Debtor possesses the same rights as a trustee would to compromise or settle controversies. See, e.g., In re Grant Broadcasting of Philadelphia, Inc., 71 B.R. 390, 396 n.4 (Bankr. E.D. Pa. 1987).

the value of the compromise proposal." Yacovi v. Rubin & Rudman, L.L.P. (In re Yacovi), 411 Fed. Appx. 342, 346 (1st Cir. 2011) (quoting Jeffrey, 70 F.3d at 185).

13. Debtors' judgment in entering into a compromise under Rule 9019 must be accorded some deference by the courts. See, Hicks, Muse & Co. v. Brandt (In re Healthco Int'l), 136 F.3d 45, 54 at fn. 5 (1st Cir. Mass. 1998) (quoting Hill v. Burdick (In re Moorhead Corp.), 208 B.R. 87, 89 (B.A.P. 1st Cir. 1997)) ("the [bankruptcy] judge...is not to substitute her judgment for that of the trustee, and the trustee's judgment is to be accorded some deference.")

14. Moreover, "[c]ompromises are favored in bankruptcy." 10-9019 Collier on Bankruptcy ¶ 9019.01. See also, Hicks, 136 F.3d at 54, Yacovi, 411 Fed. Appx. at 346 (referencing ARS Brook, LLC v. Jalbert (In re ServiSense.com, Inc.), 382 F.3d 68, 71 (1st Cir. 2004) and LeBlanc v. Salem (In re Mailman Steam Carpet Cleaning Corp.), 212 F.3d 632, 635 (1st Cir. 2000)).



15. In sum, the court's responsibility in approving a Rule 9019 compromise is to verify "whether the settlement falls below the lowest point in the range of reasonableness." Yacovi, 411 Fed. Appx. at 346 (quoting ARS Brook, 382 F.3d at 71-72.

16. The Debtors submit that the Court should approve the Settlement Agreement as the same is fair, reasonable, and in the best interest of the estate in light of the following:

> a. The Settlement Agreement was a product of a truly arm's length negotiation between Claimants and the Debtors;
>
> b. If the Debtors litigate with Claimants, Claimants Pre-Petition Claim, and/or their counterclaim, the Debtors' estate would have to incur substantial and protracted litigation costs which would likely prevent the Debtors from resolving this bankruptcy case until such matters

are fully and finally adjudicated;

c. The Settlement Agreement provides a substantial benefit to the Debtors' estate, which will allow the Debtors to concentrate on its reorganization efforts and generate increased revenues which would pave the way for the Debtors to present and confirm a plan;

d. The Settlement Agreement provides a greater immediate benefit to the Debtors and the creditors of the estate as opposed to an expensive and protracted litigation on this issue;

e. The Settlement Agreement is not a collusive agreement to inure one creditor or a particular group of creditors as it benefits all creditors of the estate; and

f. The Settlement is not a *sub rosa* reorganization plan as the Settlement only relates to the claim between the parties herein, and the Debtors still have to file a separate Chapter 11 Plan be filed for distribution of the funds that may become available to Debtors' other creditors.



See, Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424, 20 L. Ed. 2d 1, 88 S. Ct. 1157 (1968); In re Pennsylvania Truck Lines, Inc., 150 B.R. 595, 598 (E.D. Pa. 1992); In re Louise's, Inc., 211 B.R. 798, 801 (D. Del. 1997); In re Painewebber Limited Partnership Litigation, 171 F.R.D. 104, 125 (S.D.N.Y. 1997); Hicks, 136 F.3d 45; In re Marvel Entertainment Group, 222 B.R. 243 (D. Del. 1998).

17. In light of the foregoing, the Parties hereby request approval of this Motion and the Settlement Agreement, with all its terms, conditions, and obligations, in accordance with sections 105, 362, and 502, of the Code, Rule 9019 of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 9019-1. Finally, the Court has jurisdiction and authority to approve the Settlement pursuant to 28 U.S.C. §§ 157 and 2075. See, In re

Okwonna-Felix, 2011 Bankr. LEXIS 3028, 12 (Bankr. S.D. Tex. 2011) ("because the resolution of the Motion is...based...entirely on [Fed. R. Bankr. P. 9019] and the case law instructing how to apply the Rule...the holding in [Stern v. Marshall. 131 S. Ct. 2594, 180 L. Ed. 2d 475 (2011),] is inapplicable, and this Court has the constitutional authority to enter a final order in this contested matter pursuant to 28 U.S.C. §§ 157(a) and (b)(1).")

**WHEREFORE**, the Parties respectfully request that this Court: (a) take notice of the foregoing; (b) consider this Motion on an "urgent", " expedited" or "emergency" basis under our Local Rules; (c) shorten the objection period for any party in interest to present objections, if any, to this Motion to seven (7) days from the date of filing of this Motion; (d) enter an Order approving this Motion and the Settlement Agreement, thereby (i) dismissing the claim each party has alleged against each other, with the exception of Claimants' proof of claim no. 9, which shall be treated as an allowed general unsecured claim, (ii) deeming the stay lifted so that the court action can continue against the other co-defendants, namely Dr. Katherine Pérez Burgos, Dr. Livino A. Lora Cruz and Transnerve; permitting Claimants to maintain the pending State Court action against the other co-defendants, namely, Dr. Katherine Pérez Burgos, Dr. Livino A. Lora Cruz and Transnerve, so that Debtors may be called to testify at a deposition, trial and/or any other hearing as a witness in the State Court Action; and (e) granting such further relief as is just and proper.

Objection Language

Within seven (7) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9019(a) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the clerk's office of the United States Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the court, the interest of justice requires otherwise.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, on this 7th day of February, 2018.

LYSSETTE A. MORALES VIDAL, ESQ.
76 Calle Aquamarina
Urb. Villa Blanca
Caguas. PR 00725
Tel: 787-746-2434
Email: lamoraleslawoffice@gmail.com

By: /s/ LA Morales
Lyssette A. Morales Vidal
USDC PR No. 120011

**Ferraiuoli** LLC
Attorneys for MMM and PMC
PO Box 195168
San Juan, Puerto Rico 00917
Telephone: (787) 766-7000
Fax: (787) 766-7001

/s/ Sonia E. Colón
Sonia E. Colón
USDC No. 213809
scolon@ferraiuoli.com

/s/ Gustavo A. Chico-Barris
GUSTAVO A. CHICO BARRIS
USDC-PR No. 224205
gchico@ferraiuoli.com

### Certificate of Service

I hereby certify on this same date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants in this case. I also certify that on this same date a copy of the foregoing has been sent by regular mail to all parties as identified in the master address list attached to the original of this motion.

/s/Sonia E. Colón